# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES FERNANDO FOOTE,**

        Petitioner,

        v.                                            Case No. 07-C-353

**WARDEN PHIL KINGSTON,**

        Respondent.

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

Petitioner James Fernando Foote ("Foote") is a person incarcerated pursuant to a Wisconsin state court judgment. On April 17, 2007, Foote filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Chief Judge Rudolph T. Randa screened Foote's petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases and the respondent was ordered to answer Foote's petition. The case was then reassigned to this court upon all parties consenting to the full jurisdiction of a magistrate judge.

On June 1, 2007, the respondent filed a motion to dismiss alleging that the petitioner had failed to file his petition within the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). On June 20, 2007, Foote filed a brief in response to the respondent's motion to dismiss. On July 6, 2007, the respondent replied. The pleadings on the respondent's motion to dismiss are now closed and the matter is ready for resolution.

Following a jury trial, Foote was convicted on July 17, 2001, of one count of attempted first-degree intentional homicide and one count of first degree reckless injury. (Docket No. 1-2 at 1.) The

use of a dangerous weapon and habitual criminal penalty enhancers applied to both these convictions. (Id.) Foote's counsel on direct appeal filed a no merit report with the court of appeals, to which Foote responded. On January 21, 2004, the court of appeals summarily affirmed Foote's conviction. (Docket No. 1-2 at 3-7.) On March 23, 2004, the Wisconsin Supreme Court denied review. (Docket No. 1-2 at 8.)

On August 16, 2004, Foote filed a motion for post-conviction relief pursuant to Wis. Stat. § 974.06, which the circuit court denied on September 16, 2004. (Docket No. 1-2 at 9-10.) On October 19, 2005, the court of appeals summarily affirmed the circuit court, (Docket No. 1-2 at 11-12), and on January 20, 2006, the Wisconsin Supreme Court denied review, (Docket No. 1-2 at 13.)

The respondent argues that Foote's petition is untimely and must be dismissed pursuant to 28 U.S.C. § 2244(d)(2). Foote argues that his petition is timely because the court should add the ninety-days following the Wisconsin Supreme Court's denial of his petition for review during which Foote could have sought review by the United States Supreme Court.

On January 20, 2006, the Wisconsin Supreme Court denied Foote's petition for review regarding a collateral attack upon his conviction. Unlike cases on direct review, when the case is upon collateral review, the ninety days during which a petition for certiorari can be filed is not included in the stayed time. Gutierrez v. Schomig, 233 F.3d 490 (7th Cir. 2000); see also, Lawrence v. Florida, 127 S. Ct. 1079 (2007). Foote's present habeas petition was not filed until April 17, 2007, which was nearly fifteen months after the Wisconsin Supreme Court denied review.

Further, this court must consider the time that elapsed between the Wisconsin Supreme Court's denial of review of Foote's direct appeal on March 23, 2004 and Foote's filing of a motion for post-conviction relief on August 16, 2004. This is a span of 146 days. Subtracting from this time the 90 days in which Foote could have filed a petition for certiorari with the United States Supreme Court leaves 56 days. Thus, an additional 56 days of the one-year time limit for Foote to file a

-2-
Case 2:07-cv-00353-AEG    Filed 07/09/07    Page 2 of 3    Document 16

petition for a writ of habeas corpus ran. Therefore, even if the court was able to accept Foote's argument that the ninety-days in which he could have petitioned the United States Supreme Court to review his collateral attack to his conviction should be excluded from the one-year time limit, Foote's petition would nonetheless be nearly two months too late.

Foote also notes in his response to the respondent's motion to dismiss that he has no legal training. Although Foote does not present this fact as an argument as to why his untimeliness should be excused, in the interest of completeness, the court shall nonetheless address this as an argument that the doctrine of equitable tolling should apply.

> While the one-year habeas statute of limitation may be subject to equitable tolling, such relief is available only where the petitioner is unable to file the action within the statutory period due to extraordinary circumstances outside his control and through no fault of his own. Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004); Williams v. Sims, 390 F.3d 958, 960 (7th Cir. 2004). Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling. Williams, 390 F.3d at 963. Indeed, permitting equitable tolling of a statute of limitation for every procedural or strategic mistake made by a litigant (or his attorney) would render such statutes of "no value at all to persons or institutions sued by people who don't have good, or perhaps any, lawyers." Id.; see also Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001).

Arrieta v. Battaglia, 461 F.3d 861, 867 (7th Cir. 2006). Thus, the court finds the fact that Foote lacks legal training insufficient to equitably toll the statute of limitations.

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss is **granted**. The clerk shall enter judgment dismissing Foote's petition and this case with prejudice.

Dated at Milwaukee, Wisconsin this 9th day of July, 2007.

AARON E. GOODSTEIN
U.S. Magistrate Judge